Paul E. Deloughery
7600 N. 15th Street, Suite 150
Phoenix, Arizona 85020
State Bar No. 022410
paul@suddenwealthprotectionlaw.com
(602) 443-4888

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA
PHOENIX DIVISION

| | |
|---|---|
| FRANK LUNA AND IRENE LOPEZ, *Plaintiffs*, v. TAURUS INTERNATIONAL MANUFACTURING, INC. AND TAURUS HOLDINGS, INC., *Defendants*. | Case No._____ **COMPLAINT** **JURY TRIAL DEMANDED** |

Plaintiffs Frank Luna and Irene Lopez bring this complaint against Defendants Taurus International Manufacturing, Inc. and Taurus Holdings, Inc. and for their causes of action state the following:

**<u>Parties</u>**

1. Plaintiffs Frank Luna and Irene Lopez are citizens of Yuma County, Arizona and are over the age of 18.

2. Defendant Taurus International Manufacturing, Inc. ("TIMI") and Defendant Taurus Holdings, Inc. ("Taurus Holdings") (collectively "Taurus" or "Defendants") are Georgia corporations now located in Bainbridge, Georgia.

1

3. Defendant Taurus Holdings is the one hundred percent stockholder of Defendant TIMI and they are both in the business of designing, engineering, manufacturing, testing, inspecting, marketing, importing, distributing, supplying and/or selling firearms. Defendants were responsible for designing, engineering, manufacturing, testing, inspecting, marketing, importing, distributing, supplying and/or selling the pistol which is the subject of Plaintiffs' Complaint.

4. Defendants are so intertwined contractually for each other's liabilities that they are essentially one entity regarding the allegations in this Complaint. For example, many individuals who work on designing, manufacturing, engineering, testing, inspecting, marketing, importing, distributing, supplying and/or selling Taurus pistols, including the pistol that is the subject of this suit, are employees of both TIMI and Taurus Holdings. Moreover, they are each included as either insureds or additional insureds on the same insurance policies that would provide coverage for the claims alleged in this Complaint.

**Jurisdiction and Venue**

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) in that Plaintiffs and Defendants are citizens of different states and because the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

6. This Court has personal jurisdiction over Defendants because they were engaged directly and through their agents in systematic and ongoing business transitions in the State of Arizona and within this District including, but not limited to, the import, marketing, supply, distribution, and sale of the Subject Pistol as well as other conduct in Arizona as described herein. Mr. Luna purchased his Taurus GX4 pistol from Sportsman's

Warehouse in Yuma, Arizona on June 18, 2022. Defendants currently market and sell the subject model pistols throughout the United States. (*See* https://www.taurususa.com/pistols/taurus-gx4.) These acts and activities establish sufficient contacts and ties with the State of Arizona such that it is reasonable to enforce the obligations and liabilities which Defendants have incurred here. *See Int'l Shoe Co. v. Washington, et al.*, 326 U.S. 310 (1945); *see also A. Uberti and C. v. Leonardo*, 892 P. 2d 1354, 1358 (holding that Arizona's long arm statute affords Arizona residents the maximum privileges under federal law and that exercising jurisdiction over nonresident gun company is fair and reasonable).

7. Venue is proper under 28 U.S.C § 1391(b)(2). The event that caused Plaintiffs' injuries occurred in Arizona.

**Facts**

8. On April 16, 2023, Frank Luna was severely injured when his semi-automatic 9mm Taurus GX4 bearing the serial number 1GA81175 ("the Subject Pistol") fell from an ottoman and unintentionally discharged when it struck the ground. This unintentional discharge or drop-fire was due to a defect in the Taurus GX4 pistol.

9. The discharged round struck Mr. Luna's leg, severing his femoral artery, ultimately embedding in his pelvis. The blood loss and severe damage to his leg required extensive emergency surgery. During this incident, Mr. Luna coded three times, including once for 12 minutes. The severe anoxia Mr. Luna suffered has left him with permanent brain damage. Multiple procedures and evaluations have followed, as Mr. Luna is also left with other permanent physical and psychological limitations and deficits, including liver

damage, nerve damage, and post-traumatic stress disorder. The bullet remains in Mr. Luna's pelvis to this day and cannot be removed.

10. On or about May 23, 2023 – almost five weeks after Mr. Luna was catastrophically injured by his GX4, Taurus created a landing page on its website which admits that "[s]ome GX4 pistols assembled and sold only in the United States may, under certain circumstances, discharge when dropped."[1] The website instructs the customer to enter the serial number of their pistol and it "will promptly let you know whether your GX4 is subject to this Notice." When you enter the serial number of Mr. Luna's pistol it confirms that his pistol is subject to the Safety Notice.

11. This "Safety Notice" came all too late for Mr. Luna.

12. Mr. Luna's pistol was unreasonably dangerous and unfit for its intended use. The Taurus GX4 pistols contain a Defect (known to Taurus) whereby the trigger moves rearward when the pistol is subjected to an impact or drop. This Defect causes the defeat of the pistol's safety mechanisms and results in the pistol firing unexpectedly and against the intentions of the pistol's handler.

13. In filing this lawsuit, Plaintiffs do not wish or intend to disparage the right to bear arms as guaranteed by the Second Amendment. Rather, they seek to hold Defendants accountable for their actions in designing, engineering, manufacturing, failing to test and inspect the pistols, marketing, importing, distributing, selling, misrepresenting facts about the safety of the pistols, and failing to implement a full recall of the Taurus

---

[1] Taurus GX4 Pistols Important Safety Notice, https://gx4safetynotice.com.

GX4. Instead of impinging upon the Second Amendment, this lawsuit is brought by an individual who lawfully exercised his Second Amendment right to bear arms.

14. Mr. Luna's pistol is defective and unreasonably dangerous because the Defect will not prevent – and indeed did not prevent – the unintended discharge of pistols such as Mr. Luna's pistol. This Defect resulted in severe injuries to Mr. Luna due to the inadequate design, manufacturing, testing, and/or inspecting of the subject pistol, and the continued failure of Defendants to remedy the Defect.

15. Defendants had a duty to disclose and warn Plaintiffs truthfully and accurately of the defect and not to conceal or misrepresent the risks attendant with the Defect. Notwithstanding this duty, Defendants carelessly and negligently failed to disclose and warn Plaintiffs of the truth about the Subject Pistol and the Defect associated with it.

16. Defendants fraudulently concealed and intentionally failed to warn Plaintiffs of the Defect with the intent to deceive Plaintiffs and the general public about the Defect. Defendants falsely and fraudulently represented to Plaintiffs that the pistol was safe for normal and intended use when, in fact, the pistol was not safe for normal and intended use.

17. Defendants conspired among themselves and with others to conceal from the public and Plaintiffs the Defect. Defendants also conspired among themselves and with others in efforts to understate or misrepresent the nature of the risk created by the Defect.

18. The Defect is a latent defect and Frank Luna's pistol was defective in a way that would not be apparent to him and the public.

19. The Taurus GX4 has not been subjected to and/or passed the drop-fire tests in California or Massachusetts and therefore not approved or certified for sale in California

or Massachusetts.

20. For years, Defendants have knowingly manufactured, marketed, and distributed thousands of defective GX4 pistols to consumers throughout Arizona and the United States.

21. Despite knowing about the Defect for several years, Defendants have consciously and intentionally decided not to recall the GX4 pistols which they knew to be unreasonably dangerous and defective.

22. Defendants have been aware of the Defect for years, and discovery of internal documents from Taurus will show that Taurus has been aware of the Defect since the early production of the GX4. Such discovery will most likely reveal that Taurus has been aware of the Defect since the GX4 pistols were first designed, manufactured, tested, produced, and distributed throughout the United States.

**Prior Knowledge of the Defect and Other Drop-Fires**

23. Defendants knew of the Defect well before Mr. Luna's incident, at least as early as 2022 when, on April 12, 2022, the Defendants were made aware of a drop-fire incident involving a Taurus GX4, 9mm pistol, Serial #1GA61132, in the State of Kentucky. The pistol discharged unintentionally due to a Defect after falling and striking the ground, severely injuring its owner. A lawsuit was filed on his behalf in the U.S. District Court for the Middle District of Georgia in December of 2022 against the Defendants, alleging that the pistol had a Defect and was unreasonably dangerous, in that it would fire a round without the trigger being pulled. The case settled on confidential terms and case was subsequently voluntarily dismissed in April 2023.

24. On May 8, 2023, the Defendants were made aware of another drop-fire incident that occurred in Arizona on April 7, 2023 involving a Taurus GX4 Serial #1GA67361. The Taurus GX4 pistol fell from waist height and struck a tile floor in a convenience store. The pistol was in a holster during the entire event. When it struck the floor, it fired a round without the trigger being pulled and the round struck the user in the neck, causing her death. The entire event was captured on a video system in the convenience store. The case is still pending in the U.S. District Court for the District of Arizona.

25. Also on May 8, 2023, the Taurus Defendants were made aware of a Drop-Fire incident involving a Taurus GX4, 9mm pistol, Serial #1GA49883, in the State of Florida. The pistol discharged unintentionally due to a Defect after falling and striking the ground, severely injuring its owner without the trigger being pulled. A lawsuit was filed in Florida state court and has been removed to the U.S. District Court for the Southern District of Florida.

26. On November 2, 2023, the Taurus Defendants were made aware of a Drop-Fire incident involving a Taurus GX4, 9mm pistol, Serial #1GA70792, in the State of Tennessee. The pistol discharged unintentionally when it fell from the owner's arms in his driveway and struck the ground, severely injuring the owner of the pistol without the trigger being pulled. A lawsuit filed on his behalf is still pending in the U.S. District Court for the Middle District of Georgia in December of 2023 against the Defendants.

27. Also on November 2, 2023, the Taurus Defendants were made aware of a Drop-Fire incident involving a Taurus GX4, 9mm pistol, Serial #1GA83766, in the State

7

of Texas. The pistol allegedly fell from the waist level of the owner in a tile bathroom. The pistol struck the tile floor and allegedly fired a round without the trigger being pulled. The owner of the pistol was shot because the pistol fired without the trigger being pulled. A lawsuit filed on his behalf is still pending in the U.S. District Court for the Middle District of Georgia in June of 2024 against the Defendants.

28. On November 10, 2023, a class action lawsuit was filed against Defendants on behalf of owners of Taurus GX4 pistols due to the fact that the pistols contain a defect that causes the trigger to move rearward when the pistol is dropped or subjected to impact. The defect causes these pistols, including Frank Luna's, to fire unexpectedly against the intentions of the handler. The case is still pending in the U.S. District Court for the Middle District of Georgia.

29. Despite their knowledge of the Defect, Defendants have failed, in any of their marketing or advertising materials, to acknowledge the Defect, leaving consumers, including Mr. Luna, without knowledge of a deadly and unreasonably dangerous Defect in the GX4. As a result of their omission, Defendants were able to market the GX4 as safe firearms despite their knowledge to the contrary.

30. Simply stated, the GX4 models are defective and inherently dangerous, and Taurus has been aware of the problem for years; nevertheless, Taurus has allowed the GX4 to remain in the hands of unsuspecting gun owners despite the imminent risk of harm to GX4 owners and the public.

## COUNT ONE
**Negligence**

31. Negligence is the failure to use reasonable care, which is the care that a reasonably careful designer, engineer, manufacturer, marketer, seller, importer, distributor and/or supplier of firearms would use under like circumstances.

32. Defendants had a duty to design, engineer, manufacture, market, sell, import, distribute, supply, test and/or inspect its firearm products in a manner that a reasonably careful designer, engineer, manufacturer, marketer, seller, importer, distributor and/or supplier do under like circumstances.

33. The Defendants failed to use the reasonable care that a reasonably careful designer, engineer, manufacturer, marketer, seller, importer, distributor and/or supplier would have used under like circumstances.

34. The Defendants negligently breached their duties of care to Frank Luna in one or more of the following ways:

   a. failing to use and apply good, safe, usual, prevailing, and reasonable principles and standards in designing, engineering, manufacturing, marketing, selling, importing, distributing, supplying, testing and/or inspecting the Subject Pistol;

   b. failing to take adequate corrective action or preventive action;

   c. failing to maintain proper records and data of incidents, complaints, malfunctions, inspections and testing;

   d. failing to create and provide clear operational and safety instructions, manuals, warnings and literature;

   e. failing to warn Frank Luna and the public of the Defect;

   f. failing to warn Frank Luna and the public that the Defendants did not inspect or test the pistols before the pistols were distributed;

      g. failing to warn of all the above; and

      h. other acts of negligence to be determined through discovery.

35. The Defendants' conduct as described in this Complaint was inconsistent with what a reasonably careful designer, engineer, manufacturer, marketer, seller, importer, distributor and/or supplier of firearms would have done under like circumstances, or the Defendants failed to do what a reasonably careful designer, engineer, manufacturer, marketer, seller, importer, distributor and/or supplier would do under like circumstances.

36. The Defendants' negligence was the proximate cause of Frank Luna's injuries. The Defendants are liable for the injuries, damages, and losses that resulted from their negligence.

37. The Defendants' negligence was outrageous, oppressive, and intolerable.

38. The Defendants knew or intentionally disregarded that their negligence created a substantial risk of significant harm to others.

WHEREFORE, Plaintiffs demand judgment against the Defendants for all damages, including punitive damages, plus costs, and demand trial by jury of all issues so triable.

## COUNT TWO
### Aggravated Negligence – Willful or Wanton Conduct

39. Willful or wanton conduct is action or inaction with reckless indifference to the results, or to the rights or safety of others.

40. Defendants were recklessly indifferent because they knew or should have known that their actions and omissions created an unreasonable risk of harm.

41. Defendants also knew or should have known that the risk of their actions and

omissions was so great that it was highly probable that harm would result.

42. The Defendants' reckless indifference was the proximate cause of Frank Luna's injuries. The Defendants are liable for the injuries, damages, and losses that resulted from their negligence.

43. The Defendants' reckless indifference was outrageous, oppressive, and intolerable.

44. The Defendants knew or intentionally disregarded that their reckless indifference created a substantial risk of significant harm to others.

WHEREFORE, Plaintiffs demand judgment against the Defendants for all damages, including punitive damages, plus costs, and demand trial by jury of all issues so triable.

## COUNT THREE
### Strict Liability – Manufacturing Defect

45. Any marketer, seller, importer, distributor and/or supplier in the chain of distribution is liable for injury caused by a defective product. The Defendants were the manufacturers in the chain of distribution of the Subject Pistol and are, therefore, liable for his injuries.

46. A product is defective and unreasonably dangerous because of a manufacturing defect if it contains a condition which the manufacturer did not intend and, as a result, it fails to perform as safely as an ordinary consumer would expect when the product is used in a reasonably foreseeable manner.

47. A product is defective if unreasonably dangerous even if the Defendants have exercised all possible care in the preparation and sale of the product.

48. The Subject Pistol is defective because of the manufacturing defect as it was different from its intended design and failed to perform as safely as the intended design would have performed. The Subject Pistol was expected to and did reach Frank Luna without substantial change affecting that condition.

49. The manufacturing defect was the proximate cause of Frank Luna's injuries.

50. The Defendants are strictly liable for the injuries, damages, and losses that resulted from the manufacturing defect of the Subject Pistol.

WHEREFORE, Plaintiffs demand judgment against the Defendants for all damages, including punitive damages, plus costs, and demand trial by jury of all issues so triable.

## COUNT FOUR
### Strict Liability – Design Defect

51. Any marketer, seller, importer, distributor and/or supplier in the chain of distribution is liable for injury caused by a defective product. The Defendants were the designers in the chain of distribution of the Subject Pistol and are, therefore, liable for Frank Luna's injuries, caused by the defective pistol.

52. A product is defective and unreasonably dangerous because of a design defect if the harmful characteristics or consequences of its design outweigh the benefits of the design.

53. A product is also defective and unreasonably dangerous because of a design defect if it fails to perform as safely as an ordinary consumer would expect when the product is used in a reasonably foreseeable manner.

54. A product is defective if unreasonably dangerous even if the Defendants have exercised all possible care in the preparation and sale of the product.

55. The Subject Pistol is defective because of the design defect and was in a condition unreasonably dangerous to Frank Luna. The Subject Pistol was expected to and did reach him without substantial change affecting that condition.

56. The design defect was the proximate cause of Frank Luna's injuries.

57. The Defendants are, therefore, strictly liable for the injuries, damages, and losses that resulted from the design defect of The Subject Pistol.

WHEREFORE, Plaintiffs demand judgment against the Defendants for all damages, including punitive damages, plus costs, and demand trial by jury of all issues so triable.

## COUNT FIVE
### Strict Liability Failure To Warn

58. A product is defective and unreasonably dangerous if it would be unreasonably dangerous for use in a reasonably foreseeable manner without adequate warning.

59. A product is defective and unreasonably dangerous if a manufacturer or seller who knows or should know, in light of the generally recognized and prevailing knowledge available at the time of the product's distribution, that a foreseeable use of the product may be unreasonably dangerous does not provide adequate warning of the danger.

60. A product is defective if unreasonably dangerous even if the Defendants have exercised all possible care in the preparation and sale of the product.

61. The foreseeable risks of harm from a drop-fire could have been reduced or avoided if the Defendants had provided reasonable instructions or warnings, and the Defendants' failure to provide these instructions or warnings render Frank Luna's pistol defective.

62. The Defendants had the opportunity to warn Frank Luna about the Defect upon his original purchase. They failed to do so.

63. The failure to warn was the proximate cause of Frank Luna's injuries.

64. The Defendants are strictly liable for the injuries, damages, and losses that resulted from their failure to warn Frank Luna about the Defect.

WHEREFORE, Plaintiffs demand judgment against the Defendants for all damages, including punitive damages, plus costs, and demand trial by jury of all issues so triable.

## COUNT SIX
### Negligent Misrepresentation

65. When Mr. Luna received the subject pistol along with its instruction manual and warranty on June 18, 2022, Defendants' misrepresentations of fact to were transmitted to Frank Luna through said manual including, but not limited to, the following:

   a. that the "firearm was made free from defects in material, function, and workmanship;"

   b. that the Trigger Safety serves "to prevent the trigger mechanism from being actuated in the event the firearm was accidentally dropped;" and

   c. the Firing Pin Block serves "to prevent the gun from firing in the event the firearm was accidentally dropped. The firing pin block interferes with the forward travel of the firing pin until the trigger is pulled."

66. These statements by the Defendants concerned material facts that they believed to be true, but which were in fact false. The Defendants were negligent in making the statements because they should have known the statements were false and in making the statements they intended or expected that another would rely on the statements.

67. Defendants intended or knew that their customers, including Frank Luna, rely on the incorrect information.

68. Defendants failed to exercise reasonable care in obtaining correct information and communicating that correct information to their customers, including Frank Luna.

69. Frank Luna justifiably relied on the false statements by purchasing, retaining, carrying and using the subject pistol. Thus, these statements were the proximate cause of his injuries.

70. The Defendants' negligent misrepresentations were the proximate cause of Frank Luna's injuries.

71. The Defendants are liable for the injuries, damages and losses that resulted from their negligent misrepresentations.

WHEREFORE, Plaintiffs demand judgment against the Defendants for all damages, including punitive damages, plus costs, and demand trial by jury of all issues so triable.

## COUNT SEVEN
### Vicarious Liability (Actual Agency)

72. An agent is acting within the scope of authority if the agent is performing duties which were assigned by word, conduct or circumstance to the agent by the principal.

73. At all times material to the allegations and claims in this Complaint, Defendant Taurus Holdings acted as principal to Defendant TIMI, as it was the 100% owner of Defendant TIMI and exercised and/or retained the right to exercise extensive and continuous control over Defendant TIMI.

74. At all times material to the allegations and claims in this Complaint, Defendant TIMI was an agent of Defendant Taurus Holdings, as it acted on behalf of and/or under the control of Defendant Taurus Holdings.

75. As detailed in the preceding paragraphs, Defendant TIMI breached its duty of care to Plaintiffs in numerous ways.

76. As a proximate result of the acts or omissions of Defendant TIMI set out in the paragraphs above, Frank Luna was injured.

77. Because of its extensive and continuous control over Defendant TIMI, Defendant Taurus Holdings is vicariously liable for the injuries, damages, and losses that resulted from the aforementioned acts or omissions of Defendant TIMI.

WHEREFORE, Plaintiffs demand judgment against the Defendants for all damages, including punitive damages, plus costs, and demand trial by jury of all issues so triable.

## COUNT EIGHT
### Vicarious Liability (Apparent Agency)

78. Apparent agency is a relationship in which the principal has intentionally or unintentionally caused others to believe that an entity was a principal's agent, although no actual authority was given to the entity. Apparent agency can never arise from the acts of the agent alone.

79. At all times material to the allegations and claims in this Complaint, Defendant Taurus Holdings acted as principal to Defendant TIMI, as it was the 100% owner of Defendant TIMI and exercised and/or retained the right to exercise extensive and continuous control over Defendant TIMI.

80. At all times material to the allegations and claims in this Complaint, Defendant Taurus Holdings has held out Defendant TIMI as its subsidiary and/or as one of its family of firearms brands and as its apparent agent in several ways including, but not limited to, the following, at all times material hereto:

   a. Taurus Holdings lists TIMI among its associated brands of firearms on its website (https://www.taurususa.com/company/about-taurus-holdings-inc);

   b. Taurus Holdings and TIMI shared offices for years;

   c. Bret Vorhees serves as the CEO of both Taurus Holdings and TIMI;

   d. At least some employees or agents who work on designing, manufacturing, engineering, testing, inspecting, marketing, importing, distributing, supplying and/or selling Taurus pistols, including the pistol that is the subject of this suit, are employees of both TIMI and Taurus Holdings;

   e. Taurus Holdings and TIMI are each included as either insureds or additional insureds on the same insurance policies that would provide coverage for the claims alleged in this Complaint; and

   f. Taurus Holdings and TIMI are so intertwined contractually for each other's liabilities that they are essentially one entity.

81. At all times material, the facts outlined above were made known to the public, including Plaintiffs, intentionally and/or by lack of reasonable care.

82. As a result of the numerous and pervasive facts outlined above, Plaintiffs had a reasonable belief that Defendant TIMI had the authority to operate on behalf of, and for the benefit of, Taurus Holdings.

83. As a further result of the numerous and pervasive facts of agency outlined above, Plaintiffs had a reasonable belief that Defendant Taurus Holdings exercised and/or retained the right to exercise extensive and continuous control over Defendant TIMI.

84. As detailed in the preceding paragraphs, Defendant TIMI breached its duty of care to Plaintiffs in numerous ways.

85. As a proximate result of the aforementioned acts and omissions of Defendant TIMI, Frank Luna was severely injured.

86. Because of the numerous and pervasive facts of agency outlined above, Defendant Taurus Holdings is vicariously liable for the injuries, damages, and losses that resulted from the aforementioned acts or omissions of Defendant TIMI.

WHEREFORE, Plaintiffs demand judgment against the Defendants for all damages, including punitive damages, plus costs, and demand trial by jury of all issues so triable.

## COUNT NINE
### Consortium

87. Plaintiffs hereby incorporate by reference the allegations contained in the preceding paragraphs of this Complaint as if restated in full herein.

88. Plaintiff Irene Lopez is the spouse of Plaintiff Frank Luna.

89. As a result of the injuries to Frank Luna caused by the acts and omissions of Defendants as described *supra*, Irene Lopez has lost the services, comfort, society, and attentions of Frank Luna.

WHEREFORE, Plaintiffs demand judgment against the Defendants for all damages, including punitive damages, plus costs, and demand trial by jury of all issues so triable.

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a trial by jury on all claims so triable.

DATED this 29th day of October, 2024.

*/s/ Paul E. Deloughery*
Paul E. Deloughery, SBN 022410
7600 N. 15th Street, Suite 150
Phoenix, Arizona 85020
T:	(602) 443-4888
E: paul@suddenwealthprotectionlaw.com

Thomas F. Friedberg
*(pro hac vice forthcoming)*
FRIEDBERG & BUNGE
1005 Rosecrans Street, Suite 202
San Diego, California 92166
T:	(619) 557-0101
F:	(619) 557-0560
E:	tom@lawofficefb.com

David L. Selby, II
*(pro hac vice forthcoming)*
Matthew J. Ford
*(pro hac vice forthcoming)*
BAILEY & GLASSER, LLP
3000 Riverchase Galleria, Suite 905
Birmingham, Alabama 35244
T:	(205) 988-9253
F:	(205) 733-4896
E:	dselby@baileyglasser.com
	mford@baileyglasser.com

*Counsel for Plaintiffs*

**DEFENDANTS WILL BE SERVED VIA CERTIFIED MAIL AS FOLLOWS:**

    Taurus International Manufacturing, Inc.
    c/o Thomas Conger, Registered Agent
    218 E. Water Street
    Bainbridge, Georgia 39817

    Taurus Holdings, Inc.
    c/o Thomas Conger, Registered Agent
    218 E. Water Street
    Bainbridge, Georgia 39817